UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Advanced Surgery Center LLC,

        Plaintiff,                        Case No. 24-11636

v.                                          Judge Jonathan J.C. Grey

State Farm Mutual Automobile
Insurance Company,

        Defendant.

_____/

## ORDER OF REMAND

On May 24, 2024, Plaintiff Advanced Surgery Center, LLC ("Advanced Surgery") filed its complaint in Wayne County Circuit Court. (ECF No. 1-1, PageID.12.) On June 24, 2024, Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a notice of removal to this Court. (ECF No. 1.) The next day, State Farm filed its answer. (ECF. No. 2.) On August 23, 2024, the Court ordered State Farm to show cause why this case should not be remanded to Wayne County Circuit Court for lack of federal jurisdiction. (ECF No. 4.) State Farm failed to respond. However, Advanced Surgery responded and further claimed that this case lacks federal jurisdiction. (ECF No. 5.)

A civil case originally filed in state court may be removed by a defendant to federal court if the case originally had federal jurisdiction. *Haggard v. Allstate Property and Casualty Ins. Comp.*, No. 13-12779, 2013 WL 12181716, at *1 (E.D. Mich. Sept. 12, 2013) (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000)). As it pertains to this case, federal jurisdiction requires complete diversity between citizens and an amount in controversy that exceeds $75,000, exclusive of costs and interests. *Id.* The defendant seeking removal has the burden of proving diversity jurisdiction exists. *Id.* Doubts should be resolved in favor of remand. *Id.*

Both diversity of citizenship and the amount in controversy are challenged here. According to the complaint, Advanced Surgery is a limited liability company. (ECF No. 1-1, PageID.12.) As the Court stated in its order to show cause, State Farm has failed to properly allege Advanced Surgery's citizenship as a limited liability company in its notice of removal. (ECF No. 4.)

Additionally, Advanced Surgery claims the amount in controversy is only 34,940.08. (ECF No. 4, PageID.90.) Generally, the plaintiff's claim in its pleading, if made in good faith, is the accepted amount in

2

controversy. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)). If the plaintiff contests the defendant's assessment of the amount in controversy, the Court may still find removal proper if "by the preponderance of the evidence . . . the amount in controversy exceeds the jurisdictional threshold." *Id.* at 88. State Farm offers no calculations regarding the amount in controversy, while Advanced Surgery alleges it is far below $75,000. Considering this evidence, the Court finds that the amount in controversy does not exceed the jurisdictional threshold.

Since State Farm has not shown that this case has diversity jurisdiction, this case **SHALL BE REMANDED** to the Wayne County Circuit Court.

    **SO ORDERED.**

September 12, 2024

    <u>s/Jonathan J.C. Grey</u>
    JONATHAN J.C. GREY
    UNITED STATES DISTRICT JUDGE

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2024.

                                            s/ **S. Osorio**
                                          Sandra Osorio
                                          Case Manager